IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

HARD ROCK EXPLORATION, INC.,
CARALINE ENERGY COMPANY,
BLUE JACKET GATHERING, LLC,
BLUE JACKET PARTNERSHIP,
BROTHERS REALTY, LLC,
JAMES STEPHENS, JR.,
MONICA FRANCISCO,
DUANE YOST and
GREGORY LAUGHLIN,

    Plaintiffs,

v.                              Civil Action No. 1:16CV46
                                              (STAMP)

HUNTINGTON BANCSHARES INCORPORATED,
THE HUNTINGTON NATIONAL BANK
and CHAD PRATHER,

    Defendants.

**MEMORANDUM OPINION AND ORDER
GRANTING PLAINTIFFS' MOTIONS TO REMAND,
DENYING WITHOUT PREJUDICE
PLAINTIFFS' MOTION TO SUBSTITUTE COUNSEL
AND DEFENDANTS' MOTION TO DISMISS,
DENYING PLAINTIFFS' REQUEST FOR
ATTORNEY'S FEES AND COSTS AND
DENYING PLAINTIFFS' MOTION TO STAY
PROCEEDINGS ON THE MOTION TO DISMISS**

I.    Background

This civil action was removed to this Court from the Circuit Court of Monongalia County, West Virginia. The defendants removed this action on the same date that the state court issued a temporary restraining order. Plaintiffs Hard Rock Exploration, Inc., Caraline Energy Company, Blue Jacket Gathering, LLC, Blue Jacket Partnership, and Brothers Realty (collectively, "Hard Rock

Entities") are business entities affiliated with plaintiff Hard Rock Exploration, Inc., which engages in oil and gas development.[1] Plaintiffs James Stephens, Jr., Monica Francisco, Duane Yost, and Gregory Laughlin (collectively, "principals") are shareholders of plaintiff Hard Rock Exploration, Inc.  In the complaint, the Hard Rock Entities allege that they borrowed money from the defendants so as to pursue oil and gas operations.  Several years into the lending relationship, however, the plaintiffs claim that the defendants changed the terms of the lending agreements, such as requiring personal guarantees on the loans.  The plaintiffs then allege that they were fraudulently induced to agree to a forbearance agreement, or else face an acceleration of the loans. Pursuant to that agreement, the plaintiffs released the lenders, officers, and other related employees of any claims.  Further, the plaintiffs assert that the defendants seek to surrender life insurance policies owned by the principals as collateral for the loans.

Based on the conduct discussed above and other similar assertions, the plaintiffs set forth eight counts against the defendants, which are the following: (1) Count I, fraud by

---

[1]The Hard Rock Entities are all citizens of West Virginia. Plaintiffs James Stephens, Jr. ("Stephens"), Monica Francisco ("Francisco"), and Gregory Laughlin ("Laughlin") are citizens of West Virginia, and plaintiff Duane Yost ("Yost") is a citizen of Pennsylvania.  Further, the Huntington defendants are citizens of Ohio and West Virginia, and defendant Chad Prather ("Prather") is a citizen of West Virginia.

2

defendants Huntington Bancshares and Prather; (2) Count II, interference with business relations by defendants Huntington Bancshares and Prather; (3) Count III, breach of implied covenant of good faith and fair dealing by defendant Huntington Bancshares; (4) Count IV, breach of contract by defendant Huntington Bancshares; (5) Count V, economic duress by defendant Huntington Bancshares; (6) Count VI, breach of fiduciary duty by defendants Huntington Bancshares and Prather; (7) Count VII, demand for injunctive relief against defendant Huntington Bancshares; (8) Count VIII, accounting against defendant Huntington Bancshares. ECF No. 29.

Following removal of this civil action, this Court conducted two status and scheduling conferences concerning a possible standstill agreement, which related to certain aspects of the temporary restraining order, such as the life insurance policies. See ECF No. 27. After attempting to meet and confer, the parties indicated that they could not come to an agreement. Accordingly, this Court entered a standstill order, which currently remains in effect. ECF No. 26.

At issue now are the following motions: (1) plaintiff Yost's motion to remand (ECF No. 7); (2) the Hard Rock Entities' motion to remand (ECF No. 10); (3) plaintiff Laughlin's motion to join plaintiff Yost and Hard Rock Entities' motions to remand (ECF No. 13); (4) the Hard Rock Entities' motion to substitute counsel (ECF

No. 33); (5) the defendants' motion to dismiss (ECF No. 36); (6) plaintiff Laughlin's motion to join in the replies to the motion to remand (ECF No. 38); and (7) the plaintiffs' motion to stay proceedings on the defendants' motion to dismiss.

In plaintiff Yost's motion, he asserts that defendant Chad Prather is a citizen and resident of West Virginia. ECF No. 7. Because defendant Prather is a non-diverse party, plaintiff Yost contends that this Court lacks jurisdiction. Further, as to the defendants' assertions of fraudulent joinder, plaintiff Yost claims that Counts I, II, and VI against defendant Prather are adequately pleaded and are viable.

In addition to plaintiff Yost's motion, the Hard Rock Entities filed a motion to remand. ECF No. 10. The Hard Rock Entities first assert that the defendants have not satisfied the fraudulent joinder standard. Therefore, because the parties are not diverse due to defendant Prather's citizenship, they believe that this action should be remanded. Furthermore, the Hard Rock Entities contend that the defendants waived any right to removal by submitting to the state court's jurisdiction. In support of that contention, the Hard Rock Entities point out that the defendants participated in the state court hearings concerning the temporary restraining order, which occurred prior to removal. Finally, the Hard Rock Entities believe that they are entitled to attorney's

fees.  Plaintiff Laughlin filed a motion to join in the Hard Rock Entities and plaintiff Yost's motions to remand.  ECF No. 13.[2]

Defendants Huntington Bancshares Incorporated and Huntington National Bank ("Huntington defendants") filed a response in opposition.  ECF No. 32.  In that response, the Huntington defendants point to the forbearance agreement signed by the plaintiffs.  According to that agreement, the plaintiffs have allegedly waived their claims against defendant Prather.  Moreover, the Huntington defendants point to the counts alleged against defendant Prather, and then contend that each count lacks merit.  The Huntington defendants then assert that they did not waive their right to remove the action.

The Hard Rock Entities filed a reply.  ECF No. 34.  In their reply, the Hard Rock Entities first argue that the forbearance agreement is unenforceable.  Moreover, they argue that at least a possibility exists that they will prevail on their claims.  Therefore, any allegation of fraudulent joinder is defeated.  The Hard Rock Entities then assert that the defendants waived their removal rights.  Finally, the Hard Rock Entities argue that they are entitled to fees and costs.  Plaintiff Laughlin filed a motion to join in the Hard Rock Entities' reply.  ECF No. 38.

---

[2]It should be noted, however, that plaintiffs Monica Francisco and James Stephens, Jr. did not file motions to remand.  They appear to be represented by counsel.

After filing the motions to remand and accompanying filings, the parties filed the following motions: (1) the Hard Rock Entities' motion to substitute counsel; (2) the defendants' motion to dismiss; and (3) the plaintiffs' motion to stay proceedings on the defendants' motion to dismiss.

For the reasons set forth below, this Court makes the following rulings: (1) plaintiff Duane Yost's motion to remand (ECF No. 7) is GRANTED; (2) plaintiffs Blue Jacket Gathering, LLC, Blue Jacket Partnership, Brothers Realty, LLC, Caraline Energy Company, and Hard Rock Exploration, Inc.'s motion to remand (ECF No. 10) is GRANTED; (3) plaintiff Gregory Laughlin's motion to join in the motions to remand (ECF No. 13) is GRANTED; (4) plaintiffs Blue Jacket Gathering, LLC, Blue Jacket Partnership, Brothers Realty, LLC, Caraline Energy Company, and Hard Rock Exploration, Inc.'s motion to substitute counsel (ECF No. 33) is DENIED WITHOUT PREJUDICE; (5) defendants' motion to dismiss (ECF No. 36) is DENIED WITHOUT PREJUDICE; (6) plaintiff Gregory Laughlin's motion to join in plaintiffs' reply memorandum (ECF No. 38) is GRANTED; (7) the plaintiffs' request for attorney's fees and costs related to the motion to remand is DENIED; and (8) the plaintiffs' motion to stay proceedings on the motion to dismiss is DENIED.

## II. Applicable Law

A defendant may remove a case from state court to federal court in instances where the federal court is able to exercise

6

original jurisdiction over the matter. 28 U.S.C. § 1441. Federal courts have original jurisdiction over primarily two types of cases: (1) those involving federal questions under 28 U.S.C. § 1331, and (2) those involving citizens of different states where the amount in controversy exceeds $75,000.00, exclusive of interests and costs pursuant to 28 U.S.C. § 1332(a). However, if federal jurisdiction arises only by virtue of the parties' diverse citizenship, such an action "shall be removable only if none of the . . . defendants is a citizen of the State in which such action is brought." Tomlin v. Office of Law Enforcement Tech. Commercialization, Inc., 5:07CV42, 2007 WL 1376030, at *1 (N.D. W. Va. May 7, 2007). The party seeking removal bears the burden of establishing federal jurisdiction. See In re Blackwater Security Consulting, LLC, 460 F.3d 576, 583 (4th Cir. 2006); Mulcahey v. Columbia Organic Chems. Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994). Removal jurisdiction is strictly construed, and if federal jurisdiction is doubtful, the federal court must remand. Hartley v. CSX Transp., Inc., 187 F.3d 422 (4th Cir. 1999); Mulcahey, 29 F.3d at 151.

Further, the court is limited to a consideration of facts on the record at the time of removal. See Lowrey v. Alabama Power Co., 483 F.3d 1184, 1213–15 (11th Cir. 2007) ("In assessing whether removal was proper . . . the district court has before it only the limited universe of evidence available when the motion to remand is

7

filed."); O'Brien v. Quicken Loans, Inc., 5:10CV110, 2011 WL 2551163 (N.D. W. Va. June 27, 2011); Marshall v. Kimble, No. 5:10CV127, 2011 WL 43034, at *3 (N.D. W. Va. Jan. 6, 2011) ("The defendant's removal cannot be based on speculation; rather, it must be based on facts as they exist at the time of removal."); Fahnestock v. Cunningham, 5:10CV89, 2011 WL 1831596, at *2 (N.D. W. Va. May 12, 2011) ("The amount in controversy is determined by considering the judgment that would be entered if the plaintiff prevailed on the merits of his case as it stands at the time of removal.") (internal citations omitted). Regarding punitive damages, the mere likelihood of punitive damages, without more, does not give rise to federal jurisdiction. Cunningham, 2011 WL 1831596, at *2 (citing Landmark Corp. v. Apogee Coal Company, 945 F. Supp. 932 (S.D. W. Va. 1996)).

### III. Discussion

As discussed above, the two primary contentions raised by the parties concern whether the defendants waived their right to remove this civil action, and whether the plaintiffs fraudulently joined defendant Prather. Those contentions are discussed below in the order presented. This Court will then turn to the request for attorney's fees and costs and the other pending motions.

A. Waiver of Removal Rights

Although an action may fall under federal jurisdiction, a defendant can waive its right to remove that action. The United

States Court of Appeals for the Fourth Circuit has held that a defendant can waive its right to remove a case to federal court by "demonstrating a clear and unequivocal intent to remain in state court." Grubb v. Donegal Mut. Ins. Co., 935 F.2d 57, 59 (4th Cir. 1991) (citing Rothner v. City of Chicago, 879 F.2d 1402, 1415 (7th Cir. 1989)) (internal quotations omitted). The Fourth Circuit, however, noted that such a waiver should only be found in extreme circumstances. Id. Phrased another way, before filing a notice of removal, a "defendant may waive the right to remove by taking some such substantial defensive action in the state court." Aqualon Co. v. Mac Equipment, Inc., 149 F.3d 262, 265 (4th Cir. 1998). Moreover, a court is justified in remanding an action based on waiver by the "values of judicial economy, fairness, convenience, and comity." Id. (citing Rothner, 879 F.2d at 1416); see Sayre Enterprises, Inc. v. Allstate Ins. Co., 448 F. Supp. 2d 733, 735 (W.D. Va. 2006). Generally, however, no waiver exists "short of proceeding to adjudication on the merits." See Beighley v. F.D.I.C., 868 F.2d 776, 782 (5th Cir.1989); accord Wolfe v. Wal-Mart Corp., 133 F. Supp. 2d 889, 893 (N.D. W. Va. 2001) (holding that the defendant's filing of a motion for summary judgment in state court constituted waiver); Labry v. I.R.S., 940 F. Supp. 148, 149 (E.D. La. 1996) (holding that answering a complaint does not waive removal). "Thus, simply filing an answer, making preliminary motions, and the like does not waive the right of removal." Hingst

9

v. Providian Nat. Bank, 124 F. Supp. 2d 449, 451-52 (S.D. Tex. 2000).

In this case, the defendants did not waive their right to remove this civil action. The defendants have neither demonstrated an intent to waive such right nor taken "substantial defensive action" in the state court. Aqualon Co., 149 F.3d at 265. Rather, the defendants participated in the state court hearings regarding the plaintiffs' request for a temporary restraining order. Participating in those hearings is a far cry from substantial defensive action, let alone proceeding to adjudication on the merits. See, e.g., Rose v. Giamatti, 721 F. Supp. 906, 923 (S.D. Ohio 1989) (finding that contesting a temporary restraining order in state court and appealing the issuance of that order did not amount to waiving the defendants' removal rights). On the same day that the state court issued the temporary restraining order, the defendants timely removed this action, which cuts against any argument regarding an intent to waive their removal rights. With those facts in mind, this Court also points out that the Fourth Circuit has stated that a waiver of removal rights "should only be found in extreme situations." Grubb, 935 F.2d at 59 (internal citations and quotations omitted). Here, such a situation is not present. Therefore, the defendants have not waived their right to remove this civil action.

B.  <u>Fraudulent Joinder</u>

The doctrine of fraudulent joinder creates an exception to the requirement of complete diversity.  See <u>Mayes v. Rapoport</u>, 198 F.3d 457, 461 (4th Cir. 1999).  Under this doctrine, removal is permitted even if a non-diverse party has been named as a defendant at the time the case is removed if the non-diverse defendant has been fraudulently joined.  <u>Id.</u>  "This doctrine effectively permits a district court to disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction."  <u>Id.</u>  When fraudulent joinder is alleged, a court is permitted to examine the entire record by any means available in order to determine the propriety of such joinder.  <u>Rinehart v. Consolidation Coal Co.</u>, 660 F. Supp. 1140, 1141 (N.D. W. Va. 1987).

To establish fraudulent joinder, "the removing party must demonstrate either 'outright fraud in the plaintiff's pleading of jurisdictional facts' or that 'there is no possibility that plaintiff would be able to establish a cause of action against the in-state defendant in state court.'"  <u>Hartley v. CSX Transp., Inc.</u>, 187 F.3d 422, 424 (4th Cir. 1999) (quoting <u>Marshall v. Manville Sales Corp.</u>, 6 F.3d 229, 232 (4th Cir. 1993)).  A claim of fraudulent joinder places a heavy burden on the defendant.  <u>Marshall</u>, 6 F.3d at 232.  "[T]he defendant must show that the plaintiff cannot establish a claim against the nondiverse defendant

11

even after resolving all issues of fact and law in the plaintiff's favor. A claim need not ultimately succeed to defeat removal; only a possibility of a right to relief need be asserted." Id. at 232-233 (citations omitted). "Once the court identifies this glimmer of hope for the plaintiff, the jurisdictional inquiry ends." Hartley, 187 F.3d at 426 (emphasis added). Therefore, in order to successfully prove fraudulent joinder, a defendant must demonstrate by clear and convincing evidence that, after resolving all issues of fact and law in the plaintiff's favor, the plaintiff has not alleged any possible claim against the co-defendant. Rinehart, 660 F. Supp. 2d at 1141. A non-diverse party named in the state court action may be disregarded for determining diversity of citizenship when the party's joinder is fraudulent. Mayes, 198 F.3d at 461.

Based on both the record and the law described above, the defendants cannot succeed on their claim of fraudulent joinder. The Fourth Circuit has expressly stated that a party asserting fraudulent joinder must show that "no possibility" exists that the plaintiff "would be able to establish a cause of action against the in-state defendant in state court." Hartley, 187 F.3d at 424 (internal citations and quotations omitted). Here, the defendants have not satisfied that heavy burden. The defendants contend the following: (1) that the forbearance agreement at issue contains a waiver of claims against defendant Prather; and (2) that the plaintiffs cannot establish any causes of action against defendant

12

Prather.  Both of those contentions, however, are slightly misguided.

Regarding the forbearance agreement, the plaintiffs assert in their complaint that the agreement is unenforceable because they were fraudulently entered into by the Hard Rock Entities.  See ECF No. 29 *16.  Although the waiver contained within the agreement could theoretically absolve defendant Prather from liability, such a finding requires that the forbearance agreement first be deemed valid and enforceable.  The plaintiffs argue, however, that such an agreement was fraudulently made and thus, the waiver should not absolve defendant Prather of liability.  The point is that, at this very early stage of the pleadings, at least a "glimmer of hope" remains that the forbearance agreement could be found unenforceable.  That means that the mere existence of the waiver does not entirely foreclose the possibility of recovery by the plaintiffs, at least at this stage in the civil action.

The same conclusion is reached concerning the plaintiffs' specific claims against defendant Prather. As mentioned above, the plaintiffs assert the following three specific causes of action against defendant Prather: (1) fraud concerning the various transactions and forbearance agreement (Count I); (2) interference with prospective business relations (Count II); and (3) breach of fiduciary duty (Count VI).  ECF No. 29.  All three of those causes of action, as pleaded in the complaint, exist in West Virginia.

13

See Dyke v. Alleman, 44 S.E.2d 587, 588 (W. Va. 1947) (allowing a cause of action for fraud to exist when the fraudulent promise was essentially equivalent to fraud in the inducement); Syl. Pt. 2, Torbett v. Wheeling Dollar Savings & Trust Co., 314 S.E.2d 166 (W. Va. 1983) (setting forth the elements of a prima facie case of tortious interference with business relations); Wittenberg v. First Indep. Mortg. Co., 2011 WL 1357483, at *18 (N.D. W. Va. Apr. 11, 2011) (citing Michael v. Wesbanco Bank, Inc., 2006 WL 2560108, at *2-3 (N.D. W. Va. Sept. 1, 2006)) (noting that West Virginia recognizes a fiduciary duty between a lender and borrower when a special relationship has been established between them). Moreover, to the extent that it may be argued that defendant Prather acted within the scope of his authority as an agent for the Huntington defendants, which could theoretically limit his liability, West Virginia law clearly states the following:

> An agent or employee can be held personally liable for his own torts against third parties and this personal liability is independent of his agency or employee relationship. Of course, if he is acting within the scope of his employment, then his principal or employer may also be held liable.

Syl. Pt. 3, Musgrove v. Hickory Inn, Inc., 281 S.E.2d 499 (W. Va. 1981). After assessing the causes of action pleaded under the complaint, the following is clear: at least a "glimmer of hope" exists that the plaintiffs could prevail against defendant Prather. Indeed, the Fourth Circuit has even stated that the standard for fraudulent joinder is "even more favorable to the plaintiff than

14

the standard for ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." Hartley, 187 F.3d at 424. With that standard in mind, and the fact that the defendants have not adequately shown that the plaintiffs have no possibility of recovery, the defendants' claim of fraudulent joinder falls short.

C. Request for Attorney's Fees and Costs

In the motions to remand, the plaintiffs seek attorney's fees and costs. Under 28 U.S.C. § 1447(c), an "order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." In Martin v. Franklin Capital Corp., the Supreme Court of the United States held that "absent unusual circumstances, courts may award attorney fees under the attorney fee provision of the removal statute only where the removing party lacked an objectively reasonable basis for seeking removal." 546 U.S. 132 (2005). Here, this Court finds that an award of attorney's fees and costs is not appropriate. The defendants' removal does not appear to have lacked an objectively reasonable basis. Therefore, the plaintiffs' request for attorney's fees and costs is DENIED.

D. Motion to Substitute Counsel, Motion to Dismiss, and Motion to Stay Proceedings as to the Motion to Dismiss

It should be noted that the Hard Rock Entities filed a motion to substitute counsel and that the defendants filed a motion to dismiss. ECF Nos. 33 and 36, respectively. Further, the

15

plaintiffs filed a motion to stay proceedings on the motion to dismiss until this Court rules on the motion to remand. ECF No. 39. Based on this Court's granting of the motion to remand, the Hard Rock Entities' motion to substitute counsel and the defendants' motion to dismiss are DENIED WITHOUT PREJUDICE to re-filing the same in the state court, if appropriate to do so. Further, the plaintiffs' motion to stay proceedings as to the motion to dismiss is DENIED.

## IV. Conclusion

For the reasons set forth above, this Court makes the following rulings: (1) plaintiff Duane Yost's motion to remand (ECF No. 7) is GRANTED; (2) plaintiffs Blue Jacket Gathering, LLC, Blue Jacket Partnership, Brothers Realty, LLC, Caraline Energy Company, and Hard Rock Exploration, Inc.'s motion to remand (ECF No. 10) is GRANTED; (3) plaintiff Gregory Laughlin's motion to join in the motions to remand (ECF No. 13) is GRANTED; (4) plaintiffs Blue Jacket Gathering, LLC, Blue Jacket Partnership, Brothers Realty, LLC, Caraline Energy Company, and Hard Rock Exploration, Inc.'s motion to substitute counsel (ECF No. 33) is DENIED WITHOUT PREJUDICE; (5) defendants' motion to dismiss (ECF No. 36) is DENIED WITHOUT PREJUDICE; (6) plaintiff Gregory Laughlin's motion to join in plaintiffs' reply memorandum (ECF No. 38) is GRANTED; (7) the plaintiffs' request for attorney's fees and costs related to the motion to remand is DENIED; and (8) the plaintiffs' motion to stay

proceedings as to the motion to dismiss (ECF No. 39) is DENIED. Accordingly, it is ORDERED that this civil action be REMANDED to the Circuit Court of Monongalia County, West Virginia. It is further ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the Circuit Court of Monongalia County, West Virginia and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: April 20, 2016

/s/ Frederick P. Stamp, Jr.<br>
FREDERICK P. STAMP, JR.<br>
UNITED STATES DISTRICT JUDGE